Veronica Stirnitzke
OSB # 184482
Law Office of Veronica R. Stirnitzke
P.O. Box 51179
Eugene, OR 97405
Telephone: (541) 200-7912
Facsimile: (541) 500-0073
VRS@StirnitzkeLaw.com

Attorney for Plaintiff Jeff Mumford

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JEFF MUMFORD,** an individual<br><br>Plaintiff,<br><br>v.<br><br>**HOG WILD, LLC.,** a Delaware Limited Liability Corporation<br><br>Defendant. | Case No.: 3:21-cv-1799<br><br>**2nd AMENDED COMPLAINT**<br>(42 U.S.C. § 12101 et seq.; ORS 659A.112; ORS 659A.183; ORS 659A.199)<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.

This action is brought on behalf of Plaintiff Jeff Mumford for his prior employer, Hog Wild, LLC s bad acts. Such acts include their failure to accommodate Mr. Mumford disability, in violation of the Americans with Disability Act, 42 U.S.C. § 12112 and ORS 659A.112, their

failure to provide statutorily protected leave as required under ORS 659A.150, their altering of the terms conditions and privileges of employment in retaliation for attempting to take such leave under ORS 659A.183, and altering the terms, conditions, and privileges of employment in retaliation for protected whistle blower activity in violation of ORS 659A.199.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117. This Court further has supplemental jurisdiction over the state claim under 28 U.S.C. § 1367.

3.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in Clackamas County, Oregon.

4.

Costs and reasonable attorney fees may be awarded pursuant to 42 U.S.C. § 12205, Fed. R. Civ. P.54(d), and ORS 659A.885 on all claims described herein.

## PARTIES

5.

Plaintiff Jeff Mumford is a citizen of Oregon and a resident of Clackamas County. Mr. Mumford was employed by Defendants Hog Wild, LLC and OPPE, LLC. in managerial positions from December 5, 2011 until Defendants terminated Plaintiff's employment on August 18, 2020.

6.

At all times material to this Complaint, Mr. Mumford was an Employee within the meaning of 42 U.S.C. § 12111(4) because he was employed by Defendants. As such, Mr. Mumford is also an employee for purposes of ORS 659A.106 and ORS 659A.112. Further, at all times material to this Complaint, Mr. Mumford was a qualified individual with a disability because he was able to perform the essential functions of his job, with or without reasonable accommodation and because he is disabled within the meanings of 42 U.S.C. § 12102 and ORS 659A.104(1)(a) in that he suffers from anxiety and depression disorders. Mr. Mumford is also an individual with a disability within the meaning of 42 U.S.C. § 12102 and ORS 659A.104 because he had a record of being disabled and because he was regarded as suffering from anxiety and depression disorders, within the meaning of 42 U.S.C. § 12102(3) and ORS 659A.104(1)(c) respectively.

7.

Defendant is a limited liability corporation. Hog Wild, LLC. is authorized by the State of Delaware. The Defendant conducts business in Clackamas County as their primary office is in such county. Further, Defendant is an "employers" within the meaning of 42 U.S.C. § 12111(5) because it employed 15 or more employees for each working day during each of 20 or more calendar workweeks in the present calendar year of and previous to the events described in this Complaint. Defendant is also subject to ORS 659A.106 because it employed 6 or more people.

## FACTUAL ALLEGATIONS

8.

Defendants hired Mr. Mumford on or about December 5, 2011 as VP of Operations.

9.

Plaintiff was promoted to CEO on or about February 22, 2018.

10.

Plaintiff is a minority owner of Respondent, but only poses 3.5% of shares and thus is unable to control Respondents acts. Ultimately all control is held by an individual known as JY, who's legal name is suspected to be Chu Yuan Liao. Plaintiff was an employee in that he could be hired or fired by Respondent, he was unable to influence the organization on his own due to his very small percentage of shares, his work was supervised by JY, and he received a paycheck as an employee including the issuing of a w2 for tax purposes.

11.

JY is the majority shareholder and ultimately held supervisory authority over Mr. Mumford, including the ability to direct his activities.

12.

In or about October 2019 Plaintiff was diagnosed with anxiety and depression by Doctor Barry Rhodes. Doctor Rhodes is a licensed physician in the state of Oregon. Both Anxiety and Depression are disabilities as understood under 42 U.S. Code § 12112 and ORS 659A.112.

13.

In or about February 2020 Doctor Rhodes prescribed 30 days leave and to evaluate if medication should be adjusted.

14.

On or about February 24, 2020, Mr. Mumford informed the ownership and management team that he would be requiring time off work due to his medical condition. It was his intention to invoke OFLA and/or seek an accommodation for his disability.

15.

On or about April 2020 in a conversation with Diana Gegg, and Shirley Parlmer, Shirley explicitly told Mr. Mumford she believed what JY was doing was illegal. Mr. Mumford agreed with Shirley and stated as much.

16.

On or about April 5, 2020 Mr. Mumford began receiving messages from JY disparaging him for invoking OFLA and for having a disability. Such messages often arrived via QQ message (an instant messaging application) and continued throughout the remainder of his employment. They included assertions such as that Plaintiff "ran away." Such remarks were disparaging and held Mr. Mumford to a different term, condition, and privileges of employment due to his invocation of protected leave and/or seeking an accommodation. Mr. Mumford informed JY that such activities were illegal.

17.

On or about March 28, 2020, Plaintiff was informed his position was no longer available and he would be assigned a new role as VP of Product Development. This new position involved different work, JY attempted to reduce Plaintiff's rate of pay, and as such the position was not substantially the same as his prior position as CEO. This reassignment represents a change in the terms, conditions, and privileges of employment and was undertaken due to Mr. Mumfords disability, and/or due to his invocation of OFLA, and/or due to his protected whistle blower activity.

18.

On or about April 2, 2020 Plaintiff was informed that his new role as VP of Product Development was no longer available and was reassigned as VP of OPPE, LLC (another company held by JY). This new position involved different work and a lower rate of pay and was

not substantially the same as his prior position as CEO. This reassignment represents a change in the terms, conditions, and privileges of employment and was undertaken due to Mr. Mumfords disability, and/or due to his invocation of OFLA, and/or due to his protected whistle blower activity.

19.

During Plaintiff's limited time with OPPE, payroll was consistently through Hog Wild, Hog Wild Equipment was used, Hog Wild facilities were used, and Plaintiff reported to Hog Wild Management. Moreover, Plaintiff's termination notice was provided by Hog Wild stating his employment with Hog Wild was terminated. For all intents and purposes, Plaintiff was jointly employed by Hog Wild, LLC and OPPE, LLC with HogWild, LLC and OPPE, LLC operating as one entity.

20.

On or about August 18, 2020 Plaintiff was informed he was being terminated from Hog Wild. This termination was pretextual and Plaintiff was terminated due to his invocation of OFLA leave, and/or due to his disability, and/or due to his protected whistle blower activity.

21.

On September 18, 2020, Mr. Mumford filed a complaint of discrimination in violation of ORS 659A.112; ORS 659A.183; and ORS 659A.199 with the Oregon Bureau of Labor and Industries (BOLI) on the bases of facts as alleged in this complaint. That complaint was co-filled with the EEOC, as Defendant's conduct also violated the Americans with Disabilities Act and the Family and Medical Leave Act. Mr. Mumford requested and was granted a right-to-sue notice from BOLI on August 20, 2021, to expire 90 days thereafter. The EEOC issued Mr.

Mumford a right-to-sue notice on September 15, 2021, to expire 90 days thereafter. This action is timely filed within those timeframes.

22.

The initial Complaint in this matter was filed on December 13, 2021 and had not yet been served at the time of this amendment. The first amended complaint is filed pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) and is filed within 21 days of service on the Defendant. The second amended complaint was filed pursuant to court order.

**************************************************************************

### FIRST CLAIM FOR RELIEF

### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12112

23.

Mr. Mumford incorporates and re-alleges the facts set forth in paragraphs 1 – 22 above.

24.

Defendants discriminated against Mr. Mumford on the basis of his disability, in violation of 42 U.S.C. § 12112. That discrimination included, but was not limited to, failing and refusing to meaningfully engage in the interactive process to reasonably accommodate his disability, failing and refusing to reasonably accommodate his disability, and holding Mr. Mumford to a different set of terms, conditions, and privileges of employment due to his disability.

25.

Mr. Mumford has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of the Americans with Disabilities Act. These damages are continuing. Mr. Mumford is entitled to recover payment for these damages in an amount to be determined by the jury.

26.

Mr. Mumford has suffered non-economic damages, including emotional distress, anxiety, humiliation and stress as a result of Defendant's violation of the Americans with Disabilities Act. These damages are continuing. Mr. Mumford is entitled to recover payments for these damages in an amount to be determined by the jury but not to exceed $500,000.

27.

Defendant's actions were taken in bad faith, maliciously, or with reckless indifference to Mr. Mumford rights, entitling him to punitive damages in an amount to be determined by a jury but not to exceed $500,000.

28.

Mr. Mumford is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to 42 U.S.C. § 12205. Mr. Mumford is also entitled to pre and post judgment interest, pursuant to 28 U.S.C. § 1961.

## SECOND CLAIM FOR RELIEF

### ORS 659A.112

29.

Mr. Mumford incorporates and re-alleges the facts set forth in paragraphs 1 – 22 above.

30.

Defendants discriminated against Mr. Mumford on the basis of his disability, in violation of ORS 659A.112. That discrimination included, but was not limited to, failing and refusing to meaningfully engage in the interactive process to reasonably accommodate his disability, failing

and refusing to reasonably accommodate his disability, and holding Mr. Mumford to a different set of terms, conditions, and privileges of employment due to his disability.

31.

Mr. Mumford has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of ORS 659A.112. These damages are continuing. Mr. Mumford is entitled to recover payment for these damages in an amount to be determined by the jury.

32.

Mr. Mumford has suffered non-economic damages, including emotional distress, anxiety, humiliation, and stress as a result of Defendant's violation of ORS 659A.112. These damages are continuing. Mr. Mumford is entitled to recover payments for these damages in an amount to be determined by the jury.

33.

Mr. Mumford is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to ORS 659A.885.

### THIRD CLAIM FOR RELIEF

**ORS 659A.183**

34.

Mr. Mumford incorporates and re-alleges the facts set forth in paragraphs 1 – 22 above.

35.

Defendants discriminated against Mr. Mumford on the basis of his invocation of protected OFLA leave, in violation of ORS 659A.183. That discrimination included, but was not

limited to, failing and refusing to provide such leave and/or altering the terms, conditions, and privileges of employment when such leave was taken.

Mr. Mumford has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of ORS 659A.183. These damages are continuing. Mr. Mumford is entitled to recover payment for these damages in an amount to be determined by the jury.

36.

Mr. Mumford has suffered non-economic damages, including emotional distress, anxiety, humiliation, and stress as a result of Defendant's violation of ORS 659A.183. These damages are continuing. Mr. Mumford is entitled to recover payments for these damages in an amount to be determined by the jury.

37.

Mr. Mumford is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to ORS 659A.885.

## **FORTH CLAIM FOR RELIEF**

**ORS 659A.199**

38.

Mr. Mumford incorporates and re-alleges the facts set forth in paragraphs 1 – 22 above.

39.

Defendants discriminated against Mr. Mumford on the basis of his protected whistle blower activity, in violation of ORS 659A.199. That discrimination included, but was not limited to, altering the terms, conditions and privileges of employment in response to resisting and reporting the illegal acts of the corporation.

Mr. Mumford has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of ORS 659A.199. These damages are continuing. Mr. Mumford is entitled to recover payment for these damages in an amount to be determined by the jury.

40.

Mr. Mumford has suffered non-economic damages, including emotional distress, anxiety, humiliation, and stress as a result of Defendant's violation of ORS 659A.199. These damages are continuing. Mr. Mumford is entitled to recover payments for these damages in an amount to be determined by the jury.

41.

Mr. Mumford is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to ORS 659A.885.

## DEMAND FOR PUNITIVE DAMAGES

42.

The actions of the Defendants described in this complaint were deliberate, intentional, and embarked on with the knowledge of, or in conscious disregard for, Defendant's obligations under 42 U.S.C. § 12112. Defendants were well aware of their multiple obligation to accommodate Mr. Mumford 'disability, to provide protected leave, and to not discriminate based on whistle blower activity and still chose to do so. As a result of said intentional, callous or reckless conduct, Mr. Mumford is entitled to punitive damages against the Defendants in an amount sufficient to punish them and to deter others from engaging in such illegal conduct.

## DEMAND FOR TRIAL BY JURY

43.

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Mumford hereby demands a trial by jury as to all issues.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Mumford requests that the Court grants him the following relief:

1. A judgment against the Defendants on for Plaintiffs compensatory damages detailed herein, awarding compensatory damages in an amount to be determined by a Jury and /or the Court but not to exceed $500,000.

2. A judgment against the Defendants on Plaintiffs economic damages detailed herein, awarding of his lost wages and benefits from the date of termination until trial in an amount to be determined at trial, plus pre-judgment and post-judgment interest as appropriate.

3. A judgment against the Defendants on Plaintiffs economic damages detailed here in, awarding front pay until such time that Plaintiff obtains gainful employment at or above the rate which was obtained from Defendants.

4. Punitive damages in an amount to be determined at trial.

5. Reasonable Attorney's fees and costs of this action.

6. Such other relief as the Court may deem just and equitable.

DATED this 20th of March, 2021

/s/ *Veronica Stirnitzke*
Veronica Stirnitzke OSB # 184482